1  Jack P. Burden, Esq.
   Nevada State Bar No. 6918
2  **BACKUS, CARRANZA & BURDEN**
   3050 South Durango Drive
3  Las Vegas, NV 89117
   (702) 872-5555
4  (702) 872-5545
   jburden@backuslaw.com
5
   Attorneys for Defendants,
6  *New Albertson's, Inc.*

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9

10  MICHELE A. JOSEPH, individually,          )   **Case No.**
    DEMETRIUS JOSEPH, individually,           )
11                                            )
                        Plaintiffs,           )
12                                            )
    vs.                                       )
13                                            )
    NEW ALBERTSON'S, INC., a foreign          )
14  corporation dba SAV-ON DRUGS; DOES I      )
    through X; inclusive and ROE I through X, )
15  inclusive.                                )
                                              )
16                      Defendants.           )
                                              )
17  _____  )

18            **PETITION FOR REMOVAL OF CIVIL ACTION**

19       Petitioner NEW ALBERTSON'S, INC., doing business as SAV-ON DRUGS by and

20  through its attorneys of Backus, Carranza & Burden, and hereby submits and respectfully shows:

21                                  I.

22       NEW ALBERTSON'S, INC is a Defendant in the above entitled action.

23                                  II.

24       The above entitled action was commenced in the Eight Judicial District Court in and for

25  Clark County, District of Nevada, and is now pending in that Court.  Process was served upon

                                    1

1  Petitioner through a process server on or about January 31, 2012.  Copies of the Summons and

2  Complaint are attached as Exhibit "A" and Exhibit "B" respectively.  The Complaint is the first

3  paper received by Petitioner by which removability may be ascertained.

III.

5  This Petition is filed timely pursuant to 28 U.S.C. § 1441(a).

IV.

7  This instant matter is a civil action over which this Court has diversity jurisdiction under

8  the provisions of 28 U.S.C.  § 1332(a), and is one in which may be removed to this Court by

9  Petitioner, pursuant to the provisions of 28 U.S.C. § 1441(a).

V.

11  Petitioner NEW ALBERTSON'S, INC. is informed, believes and thereon alleges that

12  Plaintiff, MICHELE A. JOSEPH and DEMETRIUS JOSEPH, is and was at all times relevant

13  herein, residents of the State of Nevada.

VI.

15  Petitioner NEW ALBERTSON'S, INC. is and was at the time this action was commenced,

16  an Ohio Corporation with its principal place of business in Boise, Idaho.

VII.

18  The above-entitled civil action is for personal injuries Plaintiffs allegedly received as a

19  result of ingesting prescription medication that was not intended for and/or incorrectly dispensed

20  by the Petitioner's pharmacy which is located at the Albertson's store 1001 S. Rainbow

21  Boulevard, Las Vegas, Nevada.

XIII.

23  A copy of Defendant's Petition for Removal, seeking removal of the above entitled action

24  to the United States District Court, District of Nevada, together with a copy of the Summons and

25  Complaint, has been filed under a Notice of Removal with the Eighth Judicial District Court in

1    and for Clark County, Nevada.

2                                    IX.

3        Copies of all pleadings and papers served upon Petitioner in the above-entitled action are

4    filed herewith as Exhibits "A" and "B."

5                                    X.

6        This Petition is filed with this Court within thirty (30) days after Petitioner's receipt if

7    Plaintiffs' Complaint, served January 31, 2012. Exhibit "A."   Plaintiffs seek general and

8    compensatory damages as well as medical special damages relating to claims for: (1) negligence;

9    (2) negligent hiring; (3) corporate negligence/vicarious liability and (4) loss of consortium.

10   Plaintiffs are claiming that they have incurred **$35,488.16** in special damages to date. *See* Exhibit

11   "B" and Plaintiffs' February 3, 2012, Settlement Letter attached as Exhibit "C."   Moreover,

12   Plaintiffs counsel has threatened to pursue all attorney's fees and costs as provided under NRS

13   18.010.   *See* pg. 3 attached as Exhibit "C."

14       In circumstances in which the amount of damages sought by plaintiff is unclear, a

15   removing defendant must prove facts supporting jurisdictional amount required for diversity

16   jurisdiction by a preponderance of the evidence, i.e., that it is "more likely than not" that amount

17   in controversy exceeds $75,000. *Simmons v. PCR Technology* 209 F.Supp.2d 1029 (2002) (citing

18   28 U.S.C.A. §§ 1332(a)1441(a)).

19       In this instant matter, it is more likely than not that the amount in controversy will exceed

20   $75,000 though Plaintiffs do not express an exact amount of damages in their Complaint.

21   However, the preponderance of the evidence demonstrates that the amount in controversy can be

22   easily reached based on the following factors: (1) the numerous claims for relief sought, including

23   but not limited to loss of consortium by Mr. Joseph; (2) the alleged permanent and disabling

24   injuries alleged; (3) the special damages incurred to date, i.e. $35,488.16 and Plaintiffs' counsel

25   requesting their attorney's fees and costs.

                                    3

1    Therefore, it is wholly reasonable that these cumulative claims for damages meet the

2    requisite amount in controversy under 28 U.S.C. § 1332(a).

3                                        **PRAYER**

4    WHEREFORE, Petitioner New Albertson's, Inc. prays that the above entitled action be

5    removed from the Eighth Judicial District Court in and for Clark County, Nevada.

6

7

8    DATED this 17 day of February, 2012.

9                                   Respectfully Submitted,

10                              **BACKUS, CARRANZA & BURDEN**

11

12                             By:
                                   Jack P. Burden, Esq.
13                                 3050 South Durango Drive
                                   Las Vegas, NV 89117
14                                 Attorneys for Defendant *New Albertson's, Inc.*

15

16

17

18

19

20

21

22

23

24

25

                                          4

## CERTIFICATE OF SERVICE

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las Vegas, Nevada, 89117.

On _Feb. 17,_ 2012, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Cathy Longman_

An employee of BACKUS, CARRANZA & BURDEN

5

## SERVICE LIST

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| Bradley S. Mainor, Esq.<br>MAINOR WIRTH, LLP<br>1215 S. Fort Apache, Suite 120<br>Las Vegas, NV 89117 | Plaintiff | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☒ Mail service |

# Exhibit A

**CT Corporation**

**Service of Process Transmittal**
01/31/2012
CT Log Number 519895775

| | |
|---|---|
| **TO:** | Rebecca Holmquist<br>SuperValu Inc.<br>SuperValu Risk Management 70700, 250 Park Center Boulevard<br>Boise, ID 83726 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | New Albertsons, Inc. (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michele A. Joseph etc. and Demetrius Joseph, etc., Pltfs. vs. New Albertson's, Inc., etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A12654296C |
| **NATURE OF ACTION:** | Personal Injury - Defendant's failure to dispense correct madication to the correct patron as ordered, due to which plaintiff sustained injuries |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2012 at 11:50 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after this Summons is served on you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Bradley S. Mainor<br>Mainor Wirth, LLP<br>1215 S. Fort Apache Rd. Ste. 120<br>Las Vegas, NV 89117<br>702-464-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/31/2012, Expected Purge Date: 02/05/2012<br>Image SOP<br>Email Notification, Rebecca Holmquist rebecca.holmquist@supervalu.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company of Nevada<br>Amy McLaren<br>311 South Division Street<br>Carson City, NV 89703<br>800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# ORIGINAL

SUMM

## DISTRICT COURT

### CLARK COUNTY, NEVADA

MICHELE A. JOSEPH,
individually, DEMETRIUS
JOSEPH, individually,

      Plaintiffs,

v.

NEW ALBERTSON'S, INC.,
A Foreign Corporation, d/b/a
SAV-ON DRUGS,
DOES I through X; inclusive, and
ROES I through X; inclusive,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:   A-12-654296-C
DEPT. NO.:   XXI

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT:   A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

## NEW ALBERTSON'S, INC., a Foreign Corporation, d/b/a SAV-ON DRUGS

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

///

///

///

///

1

1

2   3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may
    be filed on time.

3

    Issued at the direction of:                    STEVEN GRIERSON, CLERK OF COURT

4

5

6   _____              By: _____
    BRADLEY S. MAINOR, ESQ.                      Deputy Clerk                Date
7   Nevada Bar No. 7434                          County Courthouse
    JOSEPH J. WIRTH, ESQ.                        200 Lewis Avenue
8   Nevada Bar No. 10280                         Las Vegas, Nevada 89155
    1215 s. Ft. Apache Rd., Ste. 120
9   Las Vegas, Nevada 89117
    (702) 464-5000
10  (702) 463-4440 Facsimile
    Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

CIVIL COVER SHEET   A – 1 2 – 6 5 4 2 9 6 – C

Clark County, Nevada

XXI

Case No: _____
*(Assigned by Clerk's Office)*

## I. Party Information

| | |
|---|---|
| Plaintiff(s) (name/address/phone): MICHELE JOSEPH, DEMETRIUS JOSEPH | Defendant(s) (name/address/phone): NEW ALBERTSON'S, INC., d/b/a SAV-ON DRUGS |
| v., | |
| Attorney (name/address/phone): Bradley S. Mainor, Esq. / Joseph J. Wirth, Esq. 1215 S. Ft. Apache Rd., Ste. 120 Las Vegas, Nevada 89117        (702) 464-5000 | Attorney (name/address/phone): N/A N/A |

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ Arbitration Requested

### Civil Cases

| Real Property | Torts |
|---|---|
| **Landlord/Tenant** ☐<br>  ☐ Unlawful Detainer<br>**Title to Property** ☐<br>  ☐ Foreclosure<br>  ☐ Liens<br>  ☐ Quiet Title<br>  ☐ Specific Performance<br>**Condemnation/Eminent Domain** ☐<br>**Other Real Property** ☐<br>  ☐ Partition<br>  ☐ Planning/Zoning | **Negligence**<br>☐ Negligence – Auto<br>☐ Negligence – Medical/Dental<br>☐ Negligence – Premises Liability (Slip/Fall)<br>☒ Negligence – Other | **Product Liability** ☐<br>  ☐ Product Liability/Motor Vehicle<br>  ☐ Other Torts/Product Liability<br>**Intentional Misconduct** ☐<br>  ☐ Torts/Defamation (Libel/Slander)<br>  ☐ Interfere with Contract Rights<br>**Employment Torts (Wrongful termination)** ☐<br>**Other Torts** ☐<br>  ☐ Anti-trust<br>  ☐ Fraud/Misrepresentation<br>  ☐ Insurance<br>  ☐ Legal Tort<br>  ☐ Unfair Competition |

| Probate | Other Civil Filing Types |
|---|---|
| **Summary Administration** ☐<br>**General Administration** ☐<br>**Special Administration** ☐<br>**Set Aside Estates** ☐<br>**Trust/Conservatorships** ☐<br>  ☐ Individual Trustee<br>  ☐ Corporate Trustee<br>**Other Probate** ☐ | ☐ **Construction Defect**<br>  ☐ Chapter 40<br>  ☐ General<br>☐ **Breach of Contract**<br>  ☐ Building & Construction<br>  ☐ Insurance Carrier<br>  ☐ Commercial Instrument<br>  ☐ Other Contracts/Acct/Judgment<br>  ☐ Collection of Actions<br>  ☐ Employment Contract<br>  ☐ Guarantee<br>  ☐ Sale Contract<br>  ☐ Uniform Commercial Code<br>☐ **Civil Petition for Judicial Review**<br>  ☐ Other Administrative Law<br>  ☐ Department of Motor Vehicles<br>  ☐ Worker's Compensation Appeal | ☐ **Appeal from Lower Court** *(also check applicable civil case box)*<br>  ☐ Transfer from Justice Court<br>  ☐ Justice Court Civil Appeal<br>☐ **Civil Writ**<br>  ☐ Other Special Proceeding<br>☐ **Other Civil Filing**<br>  ☐ Compromise of Minor's Claim<br>  ☐ Conversion of Property<br>  ☐ Damage to Property<br>  ☐ Employment Security<br>  ☐ Enforcement of Judgment<br>  ☐ Foreign Judgment – Civil<br>  ☐ Other Personal Property<br>  ☐ Recovery of Property<br>  ☐ Stockholder Suit<br>  ☐ Other Civil Matters |

## III. Business Court Requested (Please check applicable category; for Clark or Washoe Counties only.)

| | | |
|---|---|---|
| ☐ NRS Chapters 78-88<br>☐ Commodities (NRS 90)<br>☐ Securities (NRS 90) | ☐ Investments (NRS 104 Art. 8)<br>☐ Deceptive Trade Practices (NRS 598)<br>☐ Trademarks (NRS 600A) | ☐ Enhanced Case Mgmt/Business<br>☐ Other Business Court Matters |

January 5, 2012
_____
Date

_____
Signature of initiating party or representative

Form PA 201
Rev. 2.5E

# Exhibit B

Electronically Filed
01/05/2012 04:01:56 PM

CLERK OF THE COURT

1

2  **COMP**
   BRADLEY S. MAINOR, ESQ.
3  Nevada Bar No. 7434
   JOSEPH J. WIRTH, ESQ.
4  Nevada Bar No. 10280
   **MAINOR WIRTH, LLP**
5  1215 S. Fort Apache, Ste. 120
   Las Vegas, Nevada 89117
6  (702) 464-5000
7  (702) 463-4440 Facsimile
   bmainor@mainorwirth.com
8  jwirth@mainorwirth.com
9  Attorneys for Plaintiffs

10              **DISTRICT COURT**

11          **CLARK COUNTY, NEVADA**

12

13  MICHELE A. JOSEPH,                    )
    individually, DEMETRIUS              )
14  JOSEPH, individually,                )
                                         )
15                                       )
            Plaintiffs,                  )
16                                       )        A-12-654296-C
                                         )        CASE NO.:
17  v.                                   )        DEPT. NO.:  X X I
                                         )
18  NEW ALBERTSON'S, INC.,               )
    A Foreign Corporation, d/b/a         )
19  SAV-ON DRUGS,                        )
20  DOES I through X, inclusive, and     )
    ROES I through X, inclusive,         )
21                                       )
22          Defendants.                  )
                                         )

23

24                **COMPLAINT**

25      Plaintiffs, MICHELE A. JOSEPH and DEMETRIUS JOSEPH, by and through their

26  attorneys of record, BRADLEY S. MAINOR, ESQ. and JOSEPH J. WIRTH, ESQ. of the law firm

27  of MAINOR WIRTH allege as follows:

28

I.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  That at all times relevant hereto, Plaintiff, MICHELE A. JOSEPH, is and was a resident of the County of Clark, State of Nevada.

2.  That at all time relevant hereto, Plaintiff, DEMETRIUS JOSEPH, is and was a resident of the County of Clark, State of Nevada.

3.  That Plaintiffs are informed and believe, and thereupon allege, that Defendant, DOE EMPLOYEE I, is, and at all times relevant hereto was, a resident of the County of Clark, State of Nevada.

4.  That Plaintiffs are informed and believe, and thereupon allege, that Defendant NEW ALBERTSON'S, INC., d/b/a SAV-ON DRUGS, is, and at all times relevant hereto was, a foreign Corporation duly licensed under the laws of the State of Nevada, and doing business in Clark County, State of Nevada.

5.  At all times relevant herein, the Defendants Does I through X, inclusive, were and are now pharmaceutical personnel and/or employees of SAV-ON DRUGS, holding themselves out as duly licensed to practice or conduct their professions or business under and by virtue of the laws of the State of Nevada and are not engaged in the practice of their professions and/or business in the State of Nevada; the true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES I through X inclusive, and ROE CORPORATIONS I through X, inclusive, are presently unknown to Plaintiffs, who therefore sue those Defendants by such fictitious names, the Plaintiffs are informed and believe, and thereupon allege that each of the Defendants sued herein as DOES I through X are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to the

2

Plaintiffs as alleged herein; that when the true names and capacities of such Defendants become known, Plaintiffs will ask leave to amend this Complaint to insert the true names, identities and capacities, together with proper charges and allegations.

6.    At all relevant times, Defendants, ROE CORPORATIONS, I through X, were and now are corporations, firms, partnerships, associations, other legal entities involving the dispensing of medication to the Plaintiffs herein; that the true names, identities or capacities whether individual, corporate, associate or otherwise of the Defendants, ROE CORPORATIONS I through X, inclusive are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names; that the Plaintiff are informed and believe and thereupon allege that each of the Defendants sued herein as ROE CORPORATIONS I through X are responsible in some manner for the events and happenings herein referred to; which thereby proximately caused the injuries to Plaintiff MICHELE JOSEPH alleged herein; that when their true names and capacities of such Defendants become known, Plaintiffs will ask leave of this Court to amend this Complaint to insert the true name, identities and capacities, together with proper charges and allegations.

7.    At all times relevant herein, Defendants, and each of them, were the agents, ostensible agents, servants, employees, employers, partners, co-owners and/or joint venturers of each other and of their co-defendants, and were acting within the color, purpose and scope of their employment, agency, ownership and/or joint ventures and by reason of such relationships the Defendants, and each of them, are vicariously and jointly and severally responsible and liable for the acts and/or omissions of their co-Defendants.

8.    The Defendants, and each of them, authorized, approved, consented to and/or ratified the act of its agents, servants, employees, co-owners and each other and as a result thereof are liable for damages.

3

9.    Plaintiffs' claims arise out of the errors, mistakes and carelessness of the Defendants by wrongfully and negligently dispensing Lisinopril (a high blood pressure medication) in lieu of Plaintiff MICHELE JOSEPH's true and actual prescription for Soma (a muscle relaxant/pain reliever). As a result, Plaintiff MICHELE JOSEPH ingested the Lisinopril, and suffered severe injuries due to the same.

II.

## FIRST CAUSE OF ACTION
### Negligence

10.    Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 9 above as if fully set forth herein.

11.    On or about January 2, 2011, Plaintiff MICHELE JOSEPH's physician's office contacted the Sav-On Pharmacy, located inside the Albertson's store at 1001 S. Rainbow Boulevard, Las Vegas, NV  89128, to authorize a refill of Plaintiff MICHELE JOSEPH's prescription for Soma.

12.    On or about January 14, 2011, Plaintiff DEMETRIUS JOSEPH (Plaintiff MICHELLE JOSEPH's spouse) went to the Sav-On to retrieve MICHELE's prescription. He was negligently and carelessly given a prescription of the drug, Lisinopril, which was issued to a Michael (not Michele) Joseph, by one of Sav-On's pharmacists and/or pharmaceutical employees, Defendant DOE EMPLOYEE. Plaintiff MICHELE ingested one of the pills and as the medication was meant to treat high blood pressure—a condition she did not have—she subsequently became ill and required medical treatment for her injuries.

13.    Defendants, individually and by and through its employees under its direction and control, failed to properly supervise, monitor, review and/or otherwise implement quality control

4

procedures to prevent the unauthorized and/or incorrect dispensing of prescription medication. If appropriate systems were in place, or alternatively proper quality control measure were instituted, proper procedures would have been followed and the improper prescription would not have been given to Plaintiff MICHELE JOSEPH. Consequently, Plaintiff MICHELE JOSEPH would not have suffered injuries as a result of the mix up in prescriptions.

14.     But for the failure of Defendants, and each of them, to properly dispense the correct medication to the correct patron as ordered, and the lack of appropriate training and supervision, Plaintiff MICHELE JOSEPH would not have suffered injuries.

15.     At said time and place, Defendants, and each of them owed a duty to ensure the proper dispensing of medication to its customers.

16.     In complete disregard of this duty, Defendants, and each of them, failed to ensure that the proper medication was dispensed to the proper recipient, in an extremely reckless, negligent and careless manner.

17.     Defendants, and each of them, willfully and wantonly disregarded the rights and safety of Plaintiff MICHELE JOSEPH.

18.     Defendant, DOE EMPLOYEE's failure to properly dispense the medication caused Plaintiff MICHELE to be injured.

19.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MICHELE was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to their general and compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

20.     As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MICHELE incurred expenses for medical care, treatment and expenses incidental

thereto, and Plaintiff MICHELE may be required in the future to incur expenses for medical care and treatment.

21.     That Plaintiffs have been required to retain the services of MAINOR WIRTH to prosecute this action and are entitled to reasonable attorney's fees and costs incurred herein.

III.

## SECOND CAUSE OF ACTION
### *Negligence and Negligent Hiring and Supervision*

22.     Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 21 above as if fully set forth herein.

23.     That Defendant, New Albertson, Inc., d/b/a Sav-On drugs, owed a duty to Plaintiffs to employ competent pharmaceutical staff and personnel, including clerks, supervisors, pharmacists and managers adequately trained to appropriately dispense prescriptions pursuant to physician authorized orders.

24.     As a result of the unauthorized, incorrect and inadequate pharmaceutical service or lack thereof of the Defendants, the Defendants breached their duty to the Plaintiffs by failing to employ personnel adequately trained to protect its customers from foreseeable harm, resulting in Plaintiff MICHELE JOSEPH's injuries.

25.     As a proximate result of the negligence of the Defendants, and each of them, Plaintiff MICHELE JOSEPH was given high blood pressure medication in lieu of her muscle relaxant which caused Plaintiff MICHELE JOSEPH's injuries.

26.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MICHELE JOSEPH was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to their general

1

2   and compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

3       27.   As a further direct and proximate result of the negligence of Defendants, and each of

4   them, Plaintiff MICHELE JOSEPH incurred expenses for medical care, treatment and expenses

5   incidental thereto, and Plaintiff MICHELE JOSEPH may be required in the future to incur

6   expenses for medical care and treatment.

7

8       28.   That Plaintiffs have been required to retain the services of MAINOR WIRTH to

9   prosecute this action and are entitled to reasonable attorneys' fees and costs incurred herein.

10

11                                      IV.

12                          **THIRD CAUSE OF ACTION**
                          *Corporate Negligence/Vicarious Liability*

13

14      29.   Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 28

15   above as if fully set forth herein.

16      30.   Defendant, New Albertson's, Inc., d/b/a Sav-On Drugs' employees were acting in

17   the scope of their employment, under Defendant's control, and in furtherance of Defendant's

18   interest at the time their actions ultimately caused injuries to Plaintiff MICHELE JOSEPH.

19

20      31.   Defendant, New Albertson's, Inc., d/b/a Sav-On Drugs, is vicariously liable for

21   damages resulting from their agents' and/or employees' negligent actions and/or omissions against

22   Plaintiff, during the scope of their employment.

23

24      32.   As a result of the negligent acts and/or omissions of Defendant New Albertson's,

25   Inc., d/b/a Sav-On Drugs' employees, Defendant breached its duty to the Plaintiffs by failing to

26   employ professional personnel and employees adequately trained to protect its customers from

27   foreseeable harm.

28

        33.   As a direct and proximate result of the negligence of Defendants, and each of them,

                                        7

Plaintiff MICHELE JOSEPH was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to their general and compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

34.     As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MICHELE JOSEPH incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff MICHELE JOSEPH may be required in the future to incur expenses for medical care and treatment.

35.     That Plaintiffs have been required to retain the services of MAINOR WIRTH to prosecute this action and are entitled to reasonable attorneys' fees and costs incurred herein.

V.

#### FOURTH CAUSE OF ACTION
*Loss of Consortium*

36.     Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 35 above as if fully set forth herein.

37.     Plaintiff DEMETRIUS JOSEPH, as the lawful husband of the Plaintiff MICHELE JOSEPH, was and is entitled to the society, comfort, affection, services, companionship and consortium of his wife, MICHELE JOSEPH.

38.     As a direct and proximate result of the negligence and carelessness of said Defendants, and each of them, Plaintiff DEMETRIUS JOSEPH, has been denied the society, comfort, affection, services, companionship and consortium of his wife, MICHELE JOSEPH.

39.     Plaintiffs have been required to retain the services of MAINOR WIRTH to prosecute this action and are entitled to reasonable attorney's fees and costs incurred herein.

8.

WHEREFORE, Plaintiffs pray judgment of this Court as follows:

1. General damages in an amount in excess of $10,000.00;

2. Medical and incidental expenses incurred and to be incurred;

3. Costs of suit; reasonable attorney fees, interest incurred herein; and

4. For other and further relief as is just and proper.

DATED this 5th day of January, 2012.

MAINOR WIRTH, LLP

BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
1215 S. Fort Apache Rd. Ste. 120
Las Vegas, Nevada 89117
(702) 464-5000
(702) 463-4440 Facsimile
Attorneys for Plaintiffs

9

**CT Corporation**

**Service of Process
Transmittal**
01/31/2012
CT Log Number 519895775

| | |
|---|---|
| **TO:** | Rebecca Holmquist<br>SuperValu Inc.<br>SuperValu Risk Management 70700, 250 Park Center Boulevard<br>Boise, ID 83726 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | New Albertsons, Inc. (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michele A. Joseph etc. and Demetrius Joseph, etc., Pltfs. vs. New Albertson's, Inc., etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A12654296C |
| **NATURE OF ACTION:** | Personal Injury - Defendant's failure to dispense correct madication to the correct patron as ordered, due to which plaintiff sustained injuries |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2012 at 11:50 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after this Summons is served on you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Bradley S. Mainor<br>Mainor Wirth, LLP<br>1215 S. Fort Apache Rd. Ste. 120<br>Las Vegas, NV 89117<br>702-464-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/31/2012, Expected Purge Date: 02/05/2012<br>Image SOP<br>Email Notification, Rebecca Holmquist rebecca.holmquist@supervalu.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company of Nevada<br>Amy McLaren<br>311 South Division Street<br>Carson City, NV 89703<br>800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Exhibit C

# MAINOR WIRTH

## INJURY LAWYERS

Bradley S. Mainor, Esq.

Joseph J. Wirth, Esq.

Daniel F. Lippmann, Esq.

February 3, 2012

*Via Certified Mail:*
*7010 2780 0002 2089 1807*

Sedgwick CMS
**Attn: Shelley Hippen**
11000 Prairie Lakes Dr.
Eden Prairie, MN 55344

| | | |
|---|---|---|
| **Re:** | Your Insured: | Albertsons, Inc./ Sav-On Pharmacy |
| | Claimants: | Michele Joseph |
| | Our Case No.: | 200113 |
| | Date of Loss: | January 14, 2011 |

Dear Ms. Hippen,

Enclosed are the materials substantiating our client's claim arising out of an incident that occurred on January 14, 2011.

## *LIABILITY*

This incident occurred on Friday, January 14, 2011. Mrs. Joseph was the recipient of medication that was **NOT** prescribed to her. Pharmacists owe a duty to care to the people whose prescriptions they fill. A Pharmacist has a degree and holds himself out as having the training and ability to accurately fill prescriptions. Pharmacists are therefore held to a high duty of care that requires absolute accuracy in order processing. In this case, there is no disputing the following:

- Savon owed Mrs. Joseph a duty of care
- Savon breached that duty of care by giving her the wrong medication
- The breach of that duty of care caused Mrs. Joseph damages
- Savon is responsible for causing those damages

The damages are outlined in the following section.

**1215 S. Ft. Apache Road, Suite 120, Las Vegas NV 89117**
PHONE 702.464.5000  FAX 702.463.4440
Tax I.D. #27-5490951

Shelley Hippen/ Claims Dept.
February 3, 2012
Re: Michele Joseph
Page 2 of 3

## *INJURIES*

- ◆ **CONGESTIVE HEART FAILURE**
- ◆ **HYPOXIA**
- ◆ **DIZZINESS**
- ◆ **HEADACHES**
- ◆ **COUGHING**
- ◆ **SHORTNESS OF BREATH**
- ◆ **LIGHTHEADNESS**

## *MEDICAL EXPENSES*

| # | Provider Name(s): | Service Date(s): | Billing Amount(s): | |
|---|---|---|---|---|
| 1 | City of Las Vegas-EMS | 01/14/2011 | Total: | 838.16 |
| 2 | Mountainview Hospital | 01/14/2011-01/17/2011 | Total: | 30,635.00 |
| 3 | Fremont Emergency Services | 01/14/2011 | Total: | 722.00 |
| 4 | Radiology Specialists, Ltd. | 01/14/2011-02/11/2011 | Total: | 185..00 |
| 5 | Mountainview Hospital | 02/01/2011 | Total: | 3,108.00 |
| | | | **SUBTOTAL:** | **$35,488.16** |

## *MEDICAL SUMMARY*

Following the ingestion of Lisinopril, Mrs. Joseph started experiencing coughing, dizziness, breath shortages and felt like she was going to faint. Due to her symptoms, Mr. Joseph called 911 for an ambulance to respond to their home. An emergency response team from City of Las Vegas Fire and Rescue responded to the scene. They noted that the patient's chief complaint was drug overdose. Based on the emergency response team's assessment, it was noted that Mrs. Joseph was having a medication reaction. The response team treated her under general patient care protocol and transported her to Mountainview Hospital.

Upon arrival to Mountainview Hospital, Michele was evaluated by Wenlan Cheng, M.D. Dr. Cheng noted that Mrs. Joseph had not had similar symptoms previously. Dr. Cheng ordered lab work, a chest x-ray and an EKG be performed. The chest x-ray revealed findings that were compatible with congestive heart failure. Due to her prior heart conditions and the presence of Hypoxia, Dr. Cheng ordered Mrs. Joseph to be admitted for observation. Mrs. Joseph stayed in the hospital until January 17, 2011, at which time she was discharged in stable condition.

On February 1, 2011, Michele presented back to Mountainview Hospital to have a CT

Shelley Hippen/ Claims Dept.
February 3, 2012
Re: Michele Joseph
Page 3 of 3

scan of the head performed. At the time of the initial hospitalization, Mrs. Joseph was placed on blood thinners that were causing headaches. Based on her complaint of ongoing headaches, her doctor recommended that she have this particular test performed.

## *DEMAND*

Mrs. Joseph's medical expenses are reasonable and the injuries well documented. It is obvious that our client sustained injuries as a result of this incident. Her life has been affected in numerous ways, including the obvious pain, suffering, inconvenience, and aggravation she has suffered.

You have the opportunity to settle this case within your insured's policy limits. If the case is not settled, we will move forward with the litigation process and will pursue the full value of this case in addition to attorney's fees and costs as provided under NRS 18.010 which states:

"It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph . . . to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public."

We look forward to hearing from you with regard to my client's demand.

Sincerely,

Bradley S. Mainor, Esq.
**MAINOR WIRTH, LLP**

BSM/yag
Enclosures (as stated)
cc: Michele Joseph
    Jack P. Burden, Esq.