**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELE A. JOSEPH, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NEW ALBERTSON'S, INC., et al.,<br><br>　　　　Defendants. | 2:12-CV-262 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff Michele Joseph's motion to remand the case to the Eighth Judicial District Court, Clark County, Nevada. (Doc. #11). Defendant New Albertson's ("Albertson's") has filed an opposition (doc. #12). Ms. Joseph has not replied.

On February 17, 2012, Ms. Joseph filed a complaint against Albertson's in state court alleging negligence, negligent hiring and supervision, corporate negligence/vicarious liability, and loss of consortium. Ms. Joseph's complaint against Albertson's arises from Albertson's (doing business as Sav-On Drugs) allegedly improperly filling Ms. Joseph's prescription, causing her to become ill. Albertson's removed the case to federal court based on diversity jurisdiction. Ms. Joseph's instant motion to amend the complaint to substitute Nevada resident, Wai Vong as the true name of Doe I would destroy complete diversity. Consequently, plaintiff simultaneously moves to remand, as well.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1. <u>Discussion</u>

*I. Standard of Review*

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. In addition to the Rule 15(a) requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend. LR 15-1(a).

An action may be heard in federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Subject matter jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). To satisfy diversity jurisdiction, all plaintiffs must have citizenship different from that of all defendants. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (U.S. 2005) ( Upholding *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

*ii. Analysis*

Ms. Joseph's motion raises several procedural errors. First, Ms. Joseph knew of Mr. Vong's identity at least two months before seeking to amend her complaint. Despite this, Ms. Joseph waited until June 1 , 2012, after the deadline to amend the pleadings, to file her motion seeking leave to amend. *See* Doc. #9. Further, Ms. Joseph failed to attach a proposed amended complaint along with her motion to amend pursuant to the Local Rules of Civil Practice in the District of Nevada. *See* LR 15-1 (requiring that all motions seeking leave to amend file a proposed, amended complaint as an

exhibit to the motion).

Strictly adhering to court-imposed deadlines and document submission procedures does not always promote justice when so required. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."). *See also Padilla v. Bechtel Constr. Co.*, No. CV-06-286-PHX-LOA, 2007 U.S. Dist. LEXIS 14481, at *5 (D. Ariz. Feb. 27, 2007) (Concluding that "it is unduly harsh to plaintiff to summarily grant defendant's dispositive motion solely because plaintiff's counsel's response was a mere five-days late."). Therefore, while this court does not encourage such behavior, it also does not consider the plaintiff's failure to abide by deadlines and document submission requirements alone as dispositive.

However, parties must show good cause when seeking to amend a complaint late pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *Melbye v. Accelerated Payment Techs., Inc.*, NO. 10-cv-2040 - IEG, 2011 U.S. Dist. LEXIS 147449 (S.D. Cal. Dec. 22, 2011) ("Federal Rule of Civil Procedure 16(b) requires the party requesting amendment to demonstrate "good cause" for seeking amendment late.") *See also Johnson v. Mammoth Recreations,* 975 F.2d 604 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment."). In her motion to amend, Ms. Joseph offers no explanation as to why she must amend the complaint two days after the deadline or why it was submitted late. Accordingly, this court will deny Ms. Joseph's motion to amend for failure to establish "good cause."

As Ms. Joseph is unable to establish that complete diversity has been destroyed, or that the amount in controversy is less than $75,000, the court retains subject matter jurisdiction. Accordingly, this case must remain in federal court and plaintiff's motion to remand is denied.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ms. Joseph's motion to amend (doc. #10) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ms. Joseph's motion to remand (doc. #11) be, and the same hereby is, DENIED.

DATED July 5, 2012.

_____
**UNITED STATES DISTRICT JUDGE**